IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KORDAROW MOORE,

                 Petitioner,

                 v.

UNITED STATES OF AMERICA,

                 Respondent.

OPINION AND ORDER

20-cv-476-bbc
07-cr-137-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Kordarow Moore pleaded no contest to a felony drug charge in Wisconsin state court in July 2007. He was 18 years old at the time. After he entered his plea, he was released on bond pending a sentencing hearing that was scheduled to be held several months later. In August 2007, before petitioner was sentenced, he was detained during a traffic stop, and police officers found that he had a firearm and ammunition. Petitioner was then indicted in federal court for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which prohibits firearm possession by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The predicate offense was the felony drug charge in state court for which petitioner had not yet been sentenced.

In federal court, petitioner pleaded guilty to being a felon in possession of a firearm. The parties agree that under Wisconsin law, petitioner's no-contest plea to the Wisconsin felony charge counted as a "conviction" of a crime punishable by imprisonment for a term

1

exceeding one year.  18 U.S.C. § 921(a)(20) ("What constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.").  However, at the time petitioner entered his plea in federal court, the government was not required to prove that he knew at the time he possessed a firearm that he had been convicted of a felony.  This changed in 2019, when the Supreme Court clarified the elements of a § 922(g) violation in its decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019).  In <u>Rehaif</u>, the Court held that in a § 922(g) prosecution, the government must prove that the defendant "knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm."  <u>Id.</u> at 2200 (emphasis added).

Now petitioner has filed a motion for post-conviction relief under 28 U.S.C. § 2255.  This is petitioner's first § 2255 motion.  He contends that the <u>Rehaif</u> decision requires the vacation of his conviction and permission to withdraw his plea.  He states that he would not have pleaded guilty to being a felon in possession of a firearm if he had known that the government would have had to prove that he knew about his felony status at the time he possessed the firearm.  I conclude that, because petitioner has shown that he had a plausible defense to the felon-in-possession charge, he has made the required showing to withdraw his plea.  Therefore, the petition will be granted and petitioner's conviction will be vacated. Petitioner is entitled to a trial on the felon-in-possession charge.

OPINION

Petitioner contends that his conviction for being a felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1), is invalid because his guilty plea was unknowing and involuntary in light of <u>Rehaif</u>.  The question in <u>Rehaif</u> was whether, in a prosecution for illegal possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," in which case he was barred from possessing a firearm.  The Supreme Court concluded that the government was required to prove that Rehaif knew that he was in illegal alien status.  <u>Rehaif</u>, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").  For those charged with being a felon in possession of a firearm, <u>Rehaif</u> requires the government to prove that the criminal defendant knew that he or she possessed a firearm, and knew that he or she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.  <u>United States v. Williams</u>, 946 F.3d 968, 971 (7th Cir. 2020).

Petitioner states that he would have presented a <u>Rehaif</u> argument if it had been available at the time he pleaded guilty to being a felon in possession of a firearm.  He says that, at the time he possessed the firearm, he did not know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and that, if he had known about the government's burden to prove he knew about his status as a felon, he would not have pleaded guilty, but would have gone to trial.

A.  Timeliness and Retroactivity

The first question is whether petitioner's motion is timely.  Ordinarily, a prisoner must file a § 2255 motion within one year of sentencing.  28 U.S.C. § 2255(f)(1).  But the one-year clock restarts when the Supreme Court newly recognizes a right, and its decision applies retroactively to cases on collateral review.  Id. § 2255(f)(3).  Petitioner filed his motion within one year of the Rehaif decision, so the only question is whether Rehaif applies retroactively on collateral review.

In general, new substantive rules of criminal procedure do apply retroactively.  Welch v. United States, 136 S. Ct. 1257, 1264 (2016).  "Substantive rules" include "decisions that narrow the scope of a criminal statute by interpreting its terms."  Schriro v. Summerlin, 542 U.S. 348, 351 (2004).  As the government concedes, Rehaif narrowed the scope of a federal criminal statute.  Dkt. #2 at 3.  Therefore, Rehaif is a new substantive rule that applies retroactively on collateral review.

B.  Procedural Default

The next question is whether petitioner's Rehaif claim is barred by procedural default. Usually, a claim that was not raised on appeal is procedurally defaulted.  McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal.").  A petitioner cannot bring a defaulted claim in a motion under § 2255 unless he shows both cause and prejudice for the default, or he shows that a fundamental miscarriage of justice would occur

because he is actually innocent of the crime.  Cross v. United States, 892 F.3d 288, 294-95 (7th Cir. 2018); Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014).

Petitioner concedes that his Rehaif claim is procedurally defaulted.  He pleaded guilty to the § 922(g)(1) charge, he did not raise a Rehaif argument during his criminal proceedings and he did not file an appeal arguing that his guilty plea was invalid.  However, he argues that his default should be excused because he can show cause and prejudice, and because he is actually innocent of being a felon in possession of a firearm.  Because petitioner has shown cause and prejudice for his default, I do not need to discuss the question whether the "fundamental miscarriage of justice" approach might also support his motion.  Cross, 892 F.3d at 295 (court does not need to address whether a "fundamental miscarriage of justice" would occur if petitioner establishes cause and prejudice for procedural default).

Cause for procedural default exists if the Supreme Court overturns "'a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.'"  Cross, 892 F.3d at 295 (quoting Reed v. Ross, 468 U.S. 1, 17 (1984)).  That is exactly what happened here.  In Rehaif, the Supreme Court rejected the interpretation of § 922(g) that had been adopted by every federal court of appeals to consider the question.  All of the federal circuit courts had ruled that the government did not need to prove that the defendant knew he belonged to one of the prohibited classes in order to show that he was guilty of a § 922(g) violation.  United States v. Maez, 960 F.3d 949, 957 (7th Cir. 2020) ("Rehaif went counter to the settled views of every federal court of appeals on an issue affecting thousands of felon-in-possession

prosecutions every year."); <u>United States v. Payne</u>, 964 F.3d 652, 655 (7th Cir. 2020) ("This [<u>Rehaif</u>] decision upset not only the law of this circuit but the unanimous conclusion of all the courts of appeals."); <u>United States v. Williams</u>, 946 F.3d 968, 970 (7th Cir. 2020) ("The Supreme Court's recent decision in [<u>Rehaif</u>] upset what was once a seemingly settled question of federal law.").  Because the Supreme Court overturned the long-established interpretation of a § 922(g), petitioner's attorney had no reasonable basis on which to raise the knowledge-of-status issue before the district court or on appeal.  Accordingly, I conclude that petitioner has sufficiently demonstrated cause for his failure to raise the claim on direct appeal.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability" that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial.  <u>Lee v. United States</u>, 137 S. Ct. 1958, 1964 (2017); <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Williams</u>, 946 F.3d at 971.  In this case, the question is whether there is a reasonable probability that petitioner would not have pleaded guilty if he had known the government had to prove that, at the time he possessed a firearm, he knew he had been convicted of a felony.  Petitioner has the burden of persuasion on this issue. <u>Williams</u>, 946 F.3d at 973.

In many cases filed in response to the <u>Rehaif</u> decision, the criminal defendant has no plausible argument that he would have seriously considered going to trial with a <u>Rehaif</u> argument or that <u>Rehaif</u> would have made any difference to the outcome of his case.  Most people who have been convicted of a felony know that they have been convicted of a felony.

See, e.g., Williams, 946 F.3d at 973-74 (defendant in felon-in-possession case could not meet prejudice standard where Rehaif defense would have been totally implausible after defendant had spent 12 years in prison); United States v. Dowthard, 948 F.3d 814, 818 (7th Cir. 2020) (same, where defendant had spent more than one year in prison before possessing firearm); United States v. McCline, 799 F. App'x 417 (7th Cir. 2020) (same, where petitioner had several felony convictions and had served more than a year in prison for four of them).  In such cases, the defendant cannot satisfy the burden of showing a reasonable probability that he would not have pleaded guilty.

However, as the Court of Appeals for the Seventh Circuit has noted, there are some situations in which a criminal defendant could satisfy this burden in a felon-in-possession case.  The court of appeals gave two examples in Williams, 946 F.3d at 973.  First, the court discussed the example given by the Supreme Court in Rehaif of "a person who was convicted of a prior crime but sentenced only to probation."  Id. (quoting Rehaif, 139 S. Ct. at 2198). The court of appeals explained that "the government might have some trouble proving beyond a reasonable doubt that this probationer knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year." Williams, 946 F.3d at 973. See also United States v. Johnson, No. 18-2033-CR, 2020 WL 3864945, at *3 (2d Cir. July 9, 2020) (vacating felony-in-possession conviction and finding that defendant had shown a reasonable probability that he would not have pleaded guilty when his prior felony convictions had not resulted in prison sentences of more than one year).

Second, the court of appeals cited United States v. Davies, 942 F.3d 871 (8th Cir.

2019).   In that case, the Court of Appeals for the Eighth Circuit vacated a felon-in-possession conviction of a defendant who possessed a firearm after he had pleaded guilty to two Iowa felonies, but before he had been sentenced for the state felonies.  Id. at 874.  The Eighth Circuit court reasoned that although the defendant's guilty pleas constituted "convictions" under Iowa law, the defendant had made a plausible argument that he did not know before his sentencing that as soon as the court accepted his plea of guilty, he stood convicted of the Iowa felonies.  Id.  ("[T]he facts indicate he knew the offenses to which he was pleading guilty would ultimately qualify him to be charged as a felon in possession of a firearm, but there is no evidence that he knew when he possessed the firearms . . ., before his sentencing, that he had been convicted of those crimes.").  The court concluded that the defendant had shown a reasonable probability that he would not have pleaded guilty if he had know about the Rehaif rule.

        In this instance, petitioner's circumstances are not like the majority of felon-in-possession cases in which the criminal defendant clearly knows that he has been convicted of a crime punishable by more than one year's imprisonment.  At the time that petitioner possessed a firearm, he had never been sentenced to more than one year in prison, and his only felony case was ongoing.  Thus, the circumstances of petitioner's case are more like the example of the probationer given by the Supreme Court in Rehaif, or the defendant awaiting sentencing, as in Davies.  In fact, the facts of Davies are nearly identical to those in this case.  Petitioner pleaded no contest to a state felony, but had been released on bond and had not yet been sentenced.  Petitioner has submitted a declaration stating that, because he had not

been sentenced in state court yet, and because there was no judgment of conviction, he did not think he had been "convicted" of a felony yet. Dkt. #1-1, ¶ 4. He also states that no one ever asked him if he had thought he was a felon when he possessed the firearm, and that his attorney told him that he was guilty of the offense because of how the law was written. Id. ¶ 5. He states that if he had known that an element of the federal charge was whether he knew that he was a felon when he possessed the firearm, he would not have pleaded guilty. Id.

The government argues that petitioner's declaration is not sufficient to meet his burden on this issue, because it is implausible that petitioner would have insisted on going to trial had the Rehaif defense been available. It contends that there is ample evidence to undermine petitioner's assertion that he did not know he had been convicted of a felony at the time he possessed the firearm.

First, the government points to petitioner's plea questionnaire and waiver of rights form that was filed in the state court when petitioner pleaded no contest to a felony charge. On the form, petitioner acknowledged that he was pleading no contest to a drug charge and faced a maximum penalty of 12.5 years in prison. Dkt. #2-1 at 1. The standard form also includes several "understandings" about the results of being convicted of a felony. For example, it states that, "I understand that if I am convicted of any felony, it is unlawful for me to possess a firearm." Id. at 2. However, the form does not say *when* petitioner would be "convicted" of a crime, or whether it was after the plea hearing (July 2007), after sentencing (February 2008) or after entry of judgment (February 2008). Thus, the plea

9

questionnaire does not establish that petitioner knew that pleading no contest meant that he had been "convicted" of a felony.  <u>Davies</u>, 942 F.3d at 873-74 (rejecting argument that defendant's statements during state court plea hearing established that he knew that pleading guilty amounted to a "conviction").

Next, the government points to the following exchange during petitioner's federal plea hearing:

Court:      And you knew that you had been convicted previously of a crime?

Petitioner: Yes.

Court:      And that you weren't allowed to have a gun or ammunition?

Petitioner: Yes.

Dkt. #49 at 13, in 07-cr-137-bbc.  The government argues that this shows that petitioner knew that he had been convicted of a felony.  However, this exchange is ambiguous and does not prove that petitioner knew that he had been convicted of a felony at the time he possessed a firearm.  Petitioner had prior misdemeanor convictions, and he was not asked whether he knew that he had been convicted of a felony in particular.  As for whether he was permitted to have a gun, online state court records show that it was a condition of petitioner's state-court bond that he not possess any weapons or commit any crimes.  In addition, as petitioner points out, there were state laws at the time that made it illegal to carry a concealed weapon in a vehicle.  Wis. Stat. §§ 941.23 (2007); 167.31 (2007).  Thus, although petitioner may have known that he was not allowed to carry a gun as a condition of his bond or restriction under state law, this knowledge does not mean that he knew that

he had been "convicted . . . of a crime punishable by imprisonment for a term exceeding one year," as required to implicate § 922(g)(1). Moreover, what petitioner knew at the time of his federal plea hearing is not determinative of what he knew at the time he possessed the firearm. Johnson, No. 18-2033-CR, 2020 WL 3864945, at *3 ("[S]tatements [at federal plea hearing] merely show that Johnson was aware at the time of his plea hearing of his status as a felon under § 922(g)(1), not that he was aware at the time of his possession of a firearm.").

The government also says that petitioner resisted arrest when he was found in possession of a firearm, and that his resistence shows that he knew he had been convicted of a felony. Again, however, petitioner's resistance can just as easily be explained by petitioner's knowledge that possessing a loaded and concealed firearm was a violation of his bond and state law. Petitioner had multiple reasons to avoid apprehension by the police, regardless whether he knew he had been convicted of a felony for purposes of federal law.

Finally, "the reasonable probability standard is not the equivalent of a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." Williams, 946 F.3d at 973 (quotation marks omitted). Petitioner has to shown only a reasonable probability that he would not have pleaded guilty if he had known of Rehaif. United States v. Triggs, 963 F.3d 710, 717 (7th Cir. 2020) ("What matters is that in light of Rehaif, he has a plausible defense."). In reviewing the record to determine whether a defendant has met this burden, the court "can fairly ask . . . what he might ever have thought he could gain by going to trial." United States v. Dominguez

11

Benitez, 542 U.S. 74, 85(2004).  But a court must not "second-guess a defendant's actual decision," if the record shows it is reasonably probable that he would have taken a chance at trial, even foolishly.  Id.  Petitioner has carried his burden to establish a reasonable probability that he would have not pleaded guilty had he known of the government's Rehaif burden.  Therefore, petitioner has shown both cause and prejudice to excuse his procedural default.

## C.  Merits of the Petition

To succeed on a § 2255 petition, a defendant must demonstrate that the sentence imposed upon him or her was in violation of the Constitution or the laws of the United States, that the sentence was in excess of the maximum authorized by law or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Petitioner contends that because he pleaded guilty to a crime without knowledge of the essential elements of the offense, his conviction and sentence are unconstitutional.  A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent."  Brady v. United States, 397 U.S. 742, 748 (1970).  If a criminal defendant is not informed of the nature of the charge against him, the plea does not qualify as intelligent or constitutional.  Bousley v. United States, 523 U.S. 614, 618 (1998).  And if the criminal defendant, counsel and the court do not understand the elements of the charged crime, the guilty plea is constitutionally invalid.  Id.

In this instance, there is no dispute that petitioner, defense counsel, the government and the court did not correctly understand the elements of a § 922(g)(1) conviction as the

Supreme Court has determined them to be.  The government did not state at the plea hearing that it could have proved that petitioner was aware of his status as a felon at the time he possessed a firearm, and petitioner was not asked whether he knew at the time he possessed a firearm that he had been convicted of a felony.  Accordingly, petitioner is excused from his procedural default and is entitled to relief under § 2255.


ORDER

IT IS ORDERED that

1.  Petitioner Kordarow Moore's motion for post-conviction relief under 28 U.S.C. § 2255 is GRANTED.

2.  Petitioner's conviction for violation of 18 U.S.C. § 922(g)(1) in Case No. 07-cr-137-bbc is VACATED.

3.  The clerk of court is directed to set this case for a conference before Magistrate Judge Stephen Crocker so that a new schedule and trial date may be set.

Entered this 17th day of August 2020.

BY THE COURT:
/s/
_____

BARBARA B. CRABB
District Judge